```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
F.Y. EYE, INC.,                                                    :
                                                                   :
                              Plaintiff,                           :   23 Civ. 9424 (JGK)
                                                                   :
                -against-                                          :
                                                                   :
JESSICA TOLEDANO and CAUSE LAB LLC,                                :
                                                                   :
                              Defendants.                          :
                                                                   :
------------------------------------------------------------------ X
```

## CIVIIL SCHEDULING ORDER

**JOHN G. KOELTL, District Judge:**

Pursuant to Fed. R. Civ. P. 16(b), after holding a conference in this matter on February 1, 2024, the Court hereby orders that:

**Pleadings and Parties:** Except for good cause shown:
1. No additional parties may be joined or cause of action asserted after February 1, 2024.
2. No additional defenses may be asserted after February 1, 2024.

**Discovery**: Except for good cause shown, all discovery shall be commenced in time to be completed by April 1, 2024. The Court expects discovery to be completed within 60 days of the first scheduling conference unless, after the expiration of that 60 day period, <u>all</u> counsel stipulate that additional time (not to exceed 60 more days) is needed to complete discovery. The expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be made at least 30 days before the completion of discovery.

**Dispositive Motions:**[1] Dispositive motions, if any, are to be completed by

---

[1] In the event a **dispositive motion** is made, the dates for submitting the **Joint Pretrial Order** (together with Memoranda of Law, Requests to Charge, Proposed Voir Dire, Proposed Findings of Fact and Conclusions of Law, as appropriate) shall be changed from that shown above to **three (3) weeks** from the decision on the motion. The **ready trial date** shall be adjourned to a date **four (4) weeks** after the decision on the dispositive motion. The final pretrial conference, if any, will be scheduled by the Deputy Clerk.

At any time, **after the ready for trial date**, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts, including, but not limited to, trials and vacations, that would prevent a trial at a particular time. Such notice must come **before** counsel are notified by the Court of an **actual trial date, not after.** Counsel should notify the Court and all other counsel in writing, at the earliest possible time of any particular scheduling problems involving out-of-town witnesses or other exigencies.

July 19, 2024. The parties are advised to comply with the Court's Individual Practice 2(B) regarding motions, and to submit one fully briefed set of courtesy copies to the Court.

**Pretrial Order/Motions in Limine:** A joint pretrial order, together with any motions in limine or motions to bifurcate, shall be submitted by September 9, 2024. In jury cases, parties shall submit requests to charge and voir dire requests. In non-jury cases, the parties shall also submit
proposed findings of fact and conclusions of law. The pretrial order shall conform to the Court's Form Joint Pretrial Order, a copy of which may be obtained from the Deputy Clerk.

**Trial:** The parties shall be ready for trial on 72 hours notice on or after September 9, 2024. The estimated trial time is 4 days, and this a jury trial.

**Other:**

___X___     The case is referred to the Magistrate Judge for purposes of settlement (See attached Reference Order).

_____     The parties will notify the Court by _____ whether a reference to the Magistrate Judge would be useful for purposes of settlement and whether they consent to trial before the Magistrate Judge. The parties may communicate with the Court with respect to these matters by joint letter. If the parties consent to trial before the Magistrate Judge, they are directed to do so by stipulation.

**SO ORDERED.**

**Dated: New York, New York**

                                                   **JOHN G. KOELTL**
                                   **UNITED STATES DISTRICT JUDGE**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
F.Y. EYE, INC.,                                                     :
                                                                    :
                                      Plaintiff,                    :   23 Civ. 9424 (JGK)
                                                                    :
                   -against-                                        :
                                                                    :
JESSICA TOLEDANO and CAUSE LAB LLC,                                 :
                                                                    :
                                      Defendants.                   :
                                                                    :
------------------------------------------------------------------- X
```

## RULE 26(f) REPORT

The undersigned counsel for the parties conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on January 3, 2024 and prepared the following report.

## DESCRIPTION OF THE CASE

1. Concise factual summary of plaintiff's claims: Plaintiff, F.Y. Eye Inc. ("Plaintiff"), a New York State not-for-profit corporation, alleges that Defendant Jessica Toledano ("Toledano"), while employed as Plaintiff's first Executive Director traded on relationships and information she acquired as Plaintiff's Executive director and used these relationships and information to benefit herself and her own company – Defendant Cause Lab LLC ("Cause Lab"). Plaintiff further alleges that Cause Lab represented that it created media campaigns and provided services that were actually provided by Plaintiff. Based on these allegations, Plaintiff brings claims under the Lanham Act and for common law unfair competition, breach of fiduciary duty, unjust enrichment, breach of contract, tortious interference with contract, and tortious interference with prospective economic advantage.

2. Concise factual summary of defendant's claims/defenses: Defendants deny the fundamental factual allegations of Plaintiff's complaint, including that Defendant Jessica Toledano violated the Lanham Act or otherwise violated the non-compete or non-solicitation provisions in the relevant contract. Defendant further denies enforceability of the non-solicitation clause in this setting. Defendant Cause Labs likewise denies that it has represented that it provided services that were actually provided by Plaintiff. Defendant Toledano has asserted counterclaims based on a hostile work environment and related discrimination claims, as well as a claim for fraudulent inducement.

3. Statement of jurisdiction (including statutory citations): 15 U.S.C. § 1121 and 28 U.S.C. § 1331.

4. Summary of factual stipulations or agreements: None.

5.  Statement of whether a jury trial has been timely demanded by any party: Yes.

6.  Has all process been served and have all pleadings been filed? Yes.

7.  Does any party have plans to seek to amend the pleadings or add additional parties to the action, and if so, what are those plans?  Defendant has reviewed Plaintiff's letter requesting a pre-motion conference related to a contemplated motion to dismiss and will amend its counterclaims in an effort to avoid unnecessary motion practice.

**FACT DISCOVERY**

Having conferred about the unique needs of this case, and mindful of the goals of justice, efficiency, proportionality, and inexpensiveness, the parties recommend that the Court establish the following fact-discovery deadlines and limitations:

1.  The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before January 24, 2024.

2.  The parties must commence fact discovery in time to be completed by April 1, 2024 The parties will discuss whether a date for the substantial production of documents should be set within the fact-discovery period to facilitate the taking of depositions.

3.  The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the number of discovery procedures as follows:

   a. 20 interrogatories

   b. 30 document requests.

      The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

   c. 25 requests for admission, exclusive of requests made solely to authenticate documents.

      The parties have discussed a protocol for the authentication of documents and agree on the following:  See above.

   d. No more than 8 fact depositions shall be taken. This total does not include expert depositions but does include depositions of organizational-designee depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). An organizational-

        designee deposition shall count as 1 deposition, irrespective of the number of witnesses designated.

    e. The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and each entity shall designate an individual for deposition on behalf of the organization.

## EXPERT DISCOVERY

1. The parties anticipate that they will require expert witnesses at the time of trial.

    a. The plaintiff anticipates calling 2 experts to assist with quantifying plaintiff's damages.

    b. Defendant has not yet committed to any experts, but will likely have rebuttal experts and, potentially, experts related to Defendant's damages and the standards for operating a non-profit organization.

2. The parties propose that the Court establish the following plan for expert discovery:

    a. Initial experts

        i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before April 12, 2024.

        ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before May 10, 2024.

    b. Rebuttal experts

        i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before May 31, 2024.

        ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before June 14, 2024.

3. All expert discovery, including expert depositions, must be completed by July 12, 2024.

## OTHER DISCOVERY ISSUES

1. Protective Order

The parties have discussed whether they believe a protective order is necessary to govern discovery and will jointly submit a proposed protective order to the Court before February 1, 2024.

2. Discovery of Electronically Stored Information

The parties will further meet and confer by January 10, 2024 to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by January 26, 2024.

3. Claims of Privilege or Protection

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502.

## PROPOSED MOTION SCHEDULE

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by February 1, 2024

2. Motions seeking to amend the pleadings must be filed and served by February 1, 2024.

3. Non-dispositive motions:

    a. All non-dispositive motions relating to fact discovery must be filed and served by May 1, 2024.

    b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by July 1, 2024.

The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

4. All dispositive motions must be filed by July 19, 2024.

## TRIAL-READY DATE

1. The parties agree that the case will be ready for trial on or after September 9, 2024.

2. The anticipated length of the jury trial is 4 days.

3. The parties propose that the final pretrial conference be held on or before September 9, 2024.

**INSURANCE CARRIERS/INDEMNITORS**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or a statement that the defendant is self-insured:

Plaintiff is investigating if it has insurance that covers Defendants' counterclaims. Defendants do not believe at this time that relevant insurance exists.

**SETTLEMENT**

Referral to a magistrate for settlement is requested.

**TRIAL BY MAGISTRATE JUDGE**

The parties have not consented to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Date: January 3, 2024

| | |
|---|---|
| POLER LEGAL LLC | MAVRONICOLAS LAW GROUP, PLLC (OF COUNSEL) |
| By: /s/ Emily A. Poler<br>Emily A. Poler<br>15 MetroTech Center, 7th Floor<br>Brooklyn, NY 11201<br>(212) 675-9060<br>emily@polerlegal.com | By: /s/ Nicholas Ranallo<br>Nicholas Ranallo (SBN 4620985)<br>1430 Broadway, Suite 1508<br>New York, NY 10018<br>(831) 607-9229 |

*Attorneys for Plaintiff F.Y. Eye, Inc.*