UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
F.Y. EYE, INC.,
:
                        Plaintiff, :     23 Civ. 9424 (JGK)
:
        -against-
:
JESSICA TOLEDANO and CAUSE LAB LLC,
:
                     Defendants.
:
------------------------------------------------------------- X

## [PROPOSED] CONSENT JUDGMENT

Plaintiff F.Y. Eye, Inc. ("Plaintiff") and Defendants Jessica Toledano and Cause Lab LLC (collectively, "Defendants") (each a "Party" and collectively, the "Parties") have agreed to resolve the instant proceeding on the terms set forth herein:

WHEREAS, on or about October 25, 2023, Plaintiff commenced the above-captioned action (the "Action") against Defendants;

WHEREAS, by the Complaint in the Action, Plaintiff asserted claims against Defendants for unfair competition pursuant to 15 U.S.C. § 1125(a)(1)(A), common law unfair competition, breach of fiduciary duty, unjust enrichment, breach of contract, tortious interference with contract, and tortious interference with prospective economic advantage;

WHEREAS, on or about December 15, 2023, Defendants answered the Complaint and asserted certain counterclaims against Plaintiff;

WHEREAS, on or about February 6, 2024, counsel for the Parties entered into a stipulation pursuant to which Defendants discontinued their counterclaims with prejudice;

WHEREAS, on or about February 27, 2024, Magistrate Judge Stewart Aaron scheduled the Action for a settlement conference;

WHEREAS, on March 20, 2024, Plaintiff and Defendants appeared for such settlement conference;

WHEREAS, the Parties were represented by counsel at the settlement conference;

WHEREAS, the Parties, without any admission of fault or liability by any party, have agreed to resolve the Action, with prejudice on the terms set forth below.

NOW THEREFORE, with the consent of the Parties it is Ordered, Adjudged, and Decreed:

1. **Incorporation of Recitals.** Each of the foregoing recitals of this Consent Judgment is acknowledged, adopted, affirmed, and incorporated hereby with the same force and effect as if set forth at length below.

2. **Entry of Judgment.** This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this Action is hereby dismissed without costs or attorneys' fees, except that this District Court shall retain jurisdiction over this action, including without limitation, over implementation of, or dispute arising out of, this Consent Judgment or the settlement of the Action.

3. **Parties Bound.** This Consent Judgment shall apply to and be binding upon the Parties and each of their respective successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets of real or personal property, shall in no way alter the status of responsibilities of the Parties under this Consent Judgment. Each signatory represents that he, she or it is fully and legally authorized to enter into the terms and conditions of this Consent Judgment and to bind the Party on whose behalf he or she signs.

4. **Disclaimer.** Nothing in this Consent Judgment shall constitute, or be construed as, a finding, admission, or adjudication of liability on any issue of law or fact. In no event shall this Consent Judgment or any negotiations leading thereto be construed, deemed or asserted to be evidence of admission or a concession on the part of any Party to this Consent Judgment of any fault or liability of damages whatsoever. To the extent allowable by law, this Consent Judgment shall have no precedential value or effect and shall not be admissible in any other action or proceeding, except in any action or proceeding to enforce this Consent Judgment, any action or proceeding contemplated by the terms of this Consent Judgment, or any action or proceeding relating to any contemporaneous Agreement among the parties to this Consent Judgment.

5. **Payment.** In consideration of the releases and other agreements of the Parties, Defendants shall pay Plaintiff the total sum of $75,000 (the "Settlement Amount"). The Settlement Amount shall be paid as follows:

    (a) $25,000 shall be paid within 5 business days of the Effective Date; and

    (b) The balance of $50,000 shall be paid on or before the times as set forth in Schedule A hereto. Defendants may make payments of the Settlement Amount before the dates set forth in Schedule A without penalty.

Each of the foregoing payments shall be paid by wire or ACH to an account designated by Plaintiff. Plaintiff or its counsel will acknowledge receipt of any wire or ACH by email to Defendants' counsel.

6. **Late Payment and Default.** In the event Defendants fail to pay any portion of the Settlement Amount in accordance with paragraph 5 and/or Schedule A of this Consent Judgment, Defendants shall be in default. Immediately upon default, Plaintiff shall be entitled to enter a money

2

judgment against Defendants, without notice, in the amount of $75,000, less the sum of any payments made through and including the date of the default, plus interest in accordance with N.Y. CPLR § 5004 from the Effective Date (as defined below), Plaintiff's reasonable attorneys' fees and costs in seeking said entry and collection of default judgment (the "Default Amount"). Defendants represent and warrant that, in the event of default, Defendants will not assert any rights, claims, cross-claims, counterclaims, causes of action, demands, damages, setoffs, discharges, or defenses with respect to Defendants' obligations hereunder, and will not otherwise contest the entry of the money judgment by Plaintiff for the Default Amount, except with respect to errors in calculation of payment or the reasonableness of Plaintiff's claimed attorneys' fees.

7. **Joint and Several Liability**. Defendants agree that they are jointly and severally liable for the Settlement Amount and the Default Amount, if any.

8. **Satisfaction of Judgment.** Upon payment of the full Settlement Amount, a Satisfaction of Judgment shall be filed by the Parties.

9. **General Releases.**

(a) In exchange for the consideration provided in this Consent Judgment, each Defendant stipulates and agrees that Defendants waive, irrevocably and unconditionally fully and forever release, and discharge any and all claims against Plaintiff, Plaintiff's employees, officers, directors, agents, attorneys, successors and assigns from all actions, causes of actions, demands, suits, debts, sums of money, damages, judgments, executions, claims and demands whatsoever in law or equity which Defendants, Defendants' heirs, estates, agents, employees, attorneys, successors and assigns ever had, now have or hereafter can, shall or may have for, or by reason of any matter whatsoever including but not limited to those concerning, relating to, or arising out of Toledano's employment by Plaintiff, the claims or defenses raised in the Action or which could have been raised in the Action. Execution of this Agreement does not bar any claims that may arise after the Effective Date.

(b) In exchange for the consideration provided in this Consent Judgment, Plaintiff hereby stipulates and agrees that Plaintiff waives, irrevocably and unconditionally fully and forever releases, and discharges any and all claims against Defendants, Defendants' heirs, estates, agents, employees, attorneys, successors and assigns from all actions, causes of actions, demands, suits, debts, sums of money, damages, judgments, executions, claims and demands whatsoever in law or equity which Plaintiff, Plaintiff's successors and assigns ever had, now have or hereafter can, shall or may have for, or by reason of any matter whatsoever including but not limited to those concerning, relating to, or arising out of Toledano's employment by Plaintiff, the claims or defenses raised in the action or which could have been raised in the Action. Execution of this Agreement does not bar any claims that may arise after the Effective Date. For the avoidance of all doubt, Plaintiff stipulates and agrees that the restrictive covenant contained in its employment agreement with defendant Toledano is hereby extinguished, and no further claims may be made with respect thereto.

    (c)    The foregoing releases do not apply to the enforcement of the terms of this Consent judgment and the Parties' respective obligations under this Consent Judgment.

10. **Other Agreements.**

    (a)    Each Party shall refrain from making any negative or disparaging statements or comments about any other Party, or its employees, officers or directors, to any person, entity, or organization, which statement or comment is designed or reasonably likely to damage the other Party or its employees, officers or directors,, or say or do anything which could disparage, undermine or be reasonably interpreted to denigrate the capabilities, performance, integrity or reputation of the other Party or its employees, officers, or directors, whether publicly or privately. This paragraph shall not be construed to prevent any party from testifying truthfully, under oath, about any matter, if required to do so in any judicial or other legal proceeding, from cooperating with any government agency or as otherwise required by law.

    (b)    Defendants shall not use any work product created by or on behalf of Plaintiff or represent that Defendants, whether individually or collectively, are the source of any such work.

11. **Governing Law.** This Consent Judgment shall be governed and interpreted in accordance with federal law, or to the extent applicable, in accordance with the laws of the State of New York.

12. **Complete Agreement and Signing.** This Consent Judgment contains the complete agreement among the Parties regarding the subject matter addressed herein and fully supersedes all prior contracts, agreements understandings, negotiations, or discussions, oral or written, relating to the subject matter of this Consent Judgment. There are no warranties, representations, agreements, or understandings, oral or written, relating to the subject matter hereof that are not fully expressed or provided for in this Consent Judgment. This Consent Judgment may not be amended, modified, supplemented, or otherwise changed without the written consent of the Parties and approval of the Federal District Court. This Consent Judgment may be signed in counterparts, with PDF signatures being deemed as originals.

13. **Effective Date.** This Consent Judgment shall be effective upon the date that the Court enters this Consent Judgment (the "Effective Date").

| F.Y. EYE INC. | CAUSE LAB LLC |
|---|---|
| By: _____<br>Lorin Silverman<br>Chair, Board of Directors | By: *Jessica Toledano*<br>Jessica Toledano<br>Managing Member |

**JESSICA TOLEDANO**

*Jessica Toledano*

| By: _____<br>Emily A. Poler<br>POLER LEGAL LLC<br>15 MetroTech Center, 7th Floor<br>Brooklyn, NY 11201<br>(212) 675-9060<br>emily@polerlegal.com | By: _____<br>Jonathan M. Cooper<br>LAW OFFICES OF JONATHAN COOPER<br>483 Chestnut Street<br>Cedarhurst, New York 11516<br>(516) 791-5700<br>jmcooper@jmcooperlaw.com |

SO ORDERED, ADJUDGED AND DECREED this 9 day of April 2024.

_____
Hon. John G. Koeltl, U.S.D.J.

*The Clerk is directed to close this case.*
*So ordered.*
*4/9/24*
*U.S.D.J.*

5

13. **Effective Date.** This Consent Judgment shall be effective upon the date that the Court enters this Consent Judgment (the "Effective Date").

**F.Y. EYE INC.**

By: _____
Lorin Silverman
Chair, Board of Directors

**CAUSE LAB LLC**

By: _____
Jessica Toledano
Managing Member

**JESSICA TOLEDANO**

By: _____

By: _____
Emily A. Poler
POLER LEGAL LLC
15 MetroTech Center, 7th Floor
Brooklyn, NY 11201
(212) 675-9060
emily@polerlegal.com

By: _____
Jonathan M. Cooper
LAW OFFICES OF JONATHAN COOPER
483 Chestnut Street
Cedarhurst, New York 11516
(516) 791-5700
jmcooper@jmcooperlaw.com

SO ORDERED, ADJUDGED AND DECREED this ___ day of April 2024.

_____
Hon. John G. Koeltl, U.S.D.J.

## EXHIBIT A

| Date | Amount |
|---|---|
| May 1, 2024 | $2,083.33 |
| June 1, 2024 | $2,083.33 |
| July 1, 2024 | $2,083.33 |
| August 1, 2024 | $2,083.33 |
| September 1, 2024 | $2,083.33 |
| October 1, 2024 | $2,083.33 |
| November 1, 2024 | $2,083.33 |
| December 1, 2024 | $2,083.33 |
| January 1, 2025 | $2,083.33 |
| February 1, 2025 | $2,083.33 |
| March 1, 2025 | $2,083.33 |
| April 1, 2025 | $2,083.33 |
| May 1, 2025 | $2,083.33 |
| June 1, 2025 | $2,083.33 |
| July 1, 2025 | $2,083.33 |
| August 1, 2025 | $2,083.33 |
| September 1, 2025 | $2,083.33 |
| October 1, 2025 | $2,083.33 |
| November 1, 2025 | $2,083.33 |
| December 1, 2025 | $2,083.33 |
| January 1, 2026 | $2,083.33 |
| February 1, 2026 | $2,083.33 |
| March 1, 2026 | $2,083.33 |
| April 1, 2026 | $2,083.41 |
| Total | $50,000.00 |

6